WILLIAM S. AMOS v. JAMES F. TOWNSEND.

[FILED NOVEMBER 12, 1889.]

1. **Assumpsit:** PAYMENT: PLEADING: EVIDENCE. A. being the owner of a certificate of deposit for $1,000, a check for $900, and another check for $81.78, placed the same in the hands of T. for presentation and collection, and, as a method of keeping an account thereof and of the money to be received thereon, took a promissory note from T. at thirty days for $1,981.78. T. pre-

sented the small check, which, after protest, was paid. After-
wards, and before the maturity of the note, T. returned the
certificate of deposit and large check and paid the net proceeds of
the small check to A., who received the same and delivered up
the note to T. In an action by A. against T. for money had
and received, *held*, that a plea of payment was unnecessary to
let in proof of the above transaction as a defense.

2. **Evidence**: REVIEW. Upon the facts stated at length in the
opinion, as to the second cause of action, *held*, that the record
furnishes no ground for the reversal of the judgment.

ERROR to the district court for Johnson county. Tried
below before APPELGET, J.

*J. Hall Hitchcock*, for plaintiff in error:

Payment must be pleaded and is not otherwise admissi-
ble in evidence. (Bliss, Code Pleading, sec. 358; *Baker v.
Kistler*, 13 Ind., 63; *Clark v. Mullen*, 16 Neb., 481; *Sav-
age v. Aiken*, 21 Id., 605; *McKyring v. Bull*, 16 N. Y.,
297.) In an action for money had and received and for
services rendered, a general denial is inconsistent with
evidence of payment. (*School District v. Holmes*, 16 Neb.,
486; *Savage v. Aiken, supra.*) A cause should be submit-
ted upon the issues raised by the pleadings, not upon inci-
dental questions which may arise from the testimony.
(*Tootle v. Maben*, 21 Neb., 617.) The position of the par-
ties is an aid in construing a contract. (*Tootle v. Elgutter*,
14 Neb., 159; *Singer Mfg. Co. v. Doggett*, 16 Id., 609.)

*Daniel F. Osgood*, for defendant in error:

Plaintiff could not recover in this action unless the money
had been converted; hence, under a general denial, evi-
dence of payment was admissible without the latter being
specially pleaded. (*Smith v. Jernigan*, 3 South. Rep. [Ala.],
515; *Phœnix, etc., Ins. Co. v. Walrath*, 10 N. W. Rep.,
151; *Robinson v. Frost*, 14 Barb. [N. Y.], 536; *Edgerly
v. Bush*, 16 Hun [N. Y.], 80; *Rost v. Harris*, 12 Abb.

52½

Pr. [N. Y.], 446 ; *Stoddard v. Onondaga Conference*, 12 Barb. [N. Y.], 573 ; *Timp v. Dockham*, 32 Wis., 146.) The indebtedness here was not such as is referred to in cases cited by opposing counsel, and as there could have been no indebtedness without conversion, to require the plaintiff to plead payment would be requiring him to admit the conversion. The other questions in the case were for the jury and there was evidence to support their verdict.

COBB, J.

This is a proceeding in error from the county of Johnson.

The plaintiff in error complained of the defendant, in the court below, that he is indebted to him in the sum of $81.73 for money had and received August 20, 1885, and then due and payable, with interest from February 20, 1886 ; and also the further sum of $10, which the defendant agreed to pay him on July 20, 1888, as compensation for assistance in collecting an indebtedness due defendant from J. M. Rice, of $50, rendered at his instance and request; no part of said sums due plaintiff has been paid ; he prays judgment for the amounts, with interest on the first sum from February 20, 1886, as stated, and costs of suit.

The defendant answered : (1) denying each and every allegation set up ; (2) alleging that prior to the commencement of this suit he had paid the plaintiff in full of all claims which the plaintiff had ever held against him, and prays judgment for costs.

The plaintiff moved to strike from the defendant's answer the second cause of defense, for the reason that it presented a new and entirely different defense from that made in the county court below, where this action was instituted, which motion was sustained by the court and was excepted to by the defendant on the record.

There was a trial to a jury with verdict for the defendant, to which the plaintiff excepted, and moved the court

to enter judgment for the full amount of his claim, notwithstanding the verdict, for. the reason that there is no evidence to sustain the verdict, and all the competent evidence was in favor of the plaintiff, which motion was overruled and the plaintiff excepted. Whereupon the plaintiff moved for a new trial upon errors assigned in his motion, which having been duly argued and considered, the motion was overruled and judgment was entered upon the verdict, to which the plaintiff duly excepted and brought the case to this court on the following errors :

1. The court erred in refusing to give the first paragraph of instructions requested by plaintiff and in giving the same as charged by the court.

2. In giving the second instruction requested by defendant.

3. In giving the second instruction by the court.

4. In overruling plaintiff's objection to any evidence by defendant touching payment under the pleadings.

5. In not rendering judgment for plaintiff, notwithstanding the verdict.

6. For errors of law excepted to on the trial.

7. The verdict is contrary to law.

8. The evidence is not sufficient to sustain the verdict.

9. In overruling the motion for a new trial.

Upon the first cause of action stated the plaintiff testified, as a witness, that about August 20, 1885, there was a check of $81.78 which defendant had from him to collect; that he did collect that amount, and is still owing him the money ; that he made demand of defendant for the money, and he said that he thought he had paid that money, but admitted he had received it. In answer to question put by his counsel, the plaintiff stated that there was due about the sum of $81.78, and interest thereon.

A. B. Sanford, a witness for the plaintiff, testified that on August 20, 1885, he was employed as bookkeeper in the Bank of Sterling; that some time in August, 1885, the de-

fendant brought to the bank a check for an amount, something over eighty dollars; that witness took it to the Johnson County Bank, and demanded payment, which was refused, and witness caused the check to be protested; that on the following day the check was paid by the Johnson County Bank, and witness opened up a new bank account with defendant, giving him credit for the balance of the check, less the fees of protest, leaving something like $79 to defendant's credit, which he subsequently checked out. On cross-examination the witness stated that there was another check, or certificate of deposit, presented and protested.

The defendant testified, as a witness in his own behalf, that the only money transaction he had ever had with the plaintiff was some checks and certificate of deposit, which he had received for collection, on the Johnson County Bank; that these consisted of a certificate of deposit of $1,000, one check of $900, and one of $81.78 received in the month of August, 1885, all at the same time; that he placed them in the bank of Sterling for collection, and that bank presented them, and they were protested, the witness thought, all on the same day. In answer to the question, "Were they all in one transaction?" the witness answered, "In one transaction; yes." I further quote his testimony from the bill of exceptions:

Q. What paper, if any, did you give on receiving the checks and certificate?

Over the objection of the plaintiff he answered: I gave him my note for the amount of the paper received.

Q. [Handing the witness defendant's Exhibit A.] Is that the note?

A. Yes.

Q. By the court: Is that note you have there and are now offering in evidence the note you say you gave the plaintiff in payment for these checks?

A. I gave him this note as a sort of receipt, or as some-

thing to show that I was indebted to him for these papers received.

Q. By Osgood: You may state why it was made in the shape of a note instead of a receipt, if any reason was given you at the time.

Over the objection of the plaintiff he answered: Mr. Amos demanded a note.

Q. For what reason did he demand it, if for any?

A. He wanted me to be the owner of these papers, if any of his creditors garnisheed them.

Q. That was the object of giving a note instead of a receipt?

A. Yes.

Q. What did you do with these checks after you had them protested, if anything?

A. After they were protested, there was one of them, the smallest one, paid; but the bank still refused to pay the other larger one, and after a few days the plaintiff thought he might as well take them up as to have any litigation, and he took the certificate and check back and the money, less the protest fees, some $6 and some cents.  *  *  *

The witness having produced a memorandum book containing minutes, entered by him at the time of the transaction, and being directed to refresh his memory and state to the jury when and what was done, stated: August 15, 1885, received of Wm. S. Amos & Co. check and certificate amounting to $1,981.78 and gave my note for them.

Q. Did that include the $81.78 check?

A. Yes.  *  *  *

Q. What is the next transaction in regard to this?

A. August 24, turned back to Amos the certificate and check amounting to $1,900, and the money proceeds of the check for $81.78 less the protest fees.

Q. Give the amount of the protest fee.

A. Six dollars and eighty-five cents.

Q. State whether there was anything done with the note you had given Amos at that time.

A. He gave me back my note.

Q. He gave you back this note? (Defendant's Exhibit A.)

A. Yes.

Q. Was that memorandum made on the face of the note at the time you took it up?

A. Yes.

Q. By you?

A. Yes.

Q. And you turned back to him what money you collected less the protest fees?

Over the plaintiff's objection he answered: Yes, I paid him all the money received by me, less the protest fees.

Q. Did you ever have any other money from him?

A. No.

The defendant's Exhibit A referred to, attached to the bill of exceptions, appears in the words and figures as follows:

"$1,981.78.        STERLING, NEB., August 15, 1885.

"Thirty days after date I promise to pay to the order of W. S. Amos & Co. nineteen hundred and eighty-one and $\frac{78}{100}$ dollars, at ———, value received.

"J. F. TOWNSEND."
[Signature erased.]

Indorsed across the face: "Canceled August 25, 1885. Chks. & cerf. returned, $1950; cash, $74.93; protest fees, $6.80."

This cause of action is set out in the petition in the old form of a common count in assumpsit for money had and received, to which the defendant answered by a general denial.

Upon the trial the plaintiff among other instructions presented that of the first paragraph given by the court to the jury, " That if from the evidence you find the defend-

ant received the money complained of by the plaintiff in his first cause of action, you will find for the plaintiff, as to this cause of action, allowing interest thereon from the 20th day of February, 1886, at 7 per cent;" to which the court added: "unless you further find from the evidence that defendant has repaid the same to the plaintiff;" to the giving of which, as charged by the court, the plaintiff excepted, and now assigns this action of the court as error for review.    As a matter of strict law, the instruction presented by the plaintiff was erroneous and was inapplicable to the evidence adduced to the court and jury; for while from the evidence it did appear that the defendant at one time received the amount of money stated in the petition, for which he was abstractly accountable to the plaintiff, yet he was not accountable to him in law for money had and received, if his testimony was to be taken as true. The jury should have been instructed that if they believed the evidence of the plaintiff, and disbelieved that of the defendant, then they should find for the plaintiff; but if, on the contrary, they believed that of the defendant and disbelieved that of the plaintiff, they should find for the defendant.    It was obvious that the testimony of both could not be true; and it was the duty of the jury to accept that only which was in their opinion the most worthy of belief, and of which they were the sole judges.    The instruction as modified by the court was but little less objectionable, as it was predicated upon the assumption that there had been at one time an admitted cause of action, and it was only to be left to the jury to say whether it had been paid, or was then unsatisfied; while, upon the theory of the defendant's evidence, there never had been a cause of action, as it appears that the note had been given up to the defendant and canceled before it matured, and that the claim for $81.78, declared on by plaintiff, was included in the note.

But the plaintiff having presented this instruction, as he could not have assigned for error the refusal to give it had

it been refused, cannot assign as error the giving of it as changed, by the court. This disposes of the first cause of action.

Upon the second cause the plaintiff further testified that the defendant came to him, on the street, July 20, 1888, and said that Rice had stated to him that he (the plaintiff) owed him (Rice) about $50, or more than that, and that Rice owed defendant $50 and if plaintiff would pay that amount to him (Rice) and help him to collect that, that he would give plaintiff a bonus of $10 for doing so; that he could not get the money from Rice until Rice should get it from plaintiff, and would rather give ten dollars than to have it lie; that plaintiff immediately went to Rice to get the amount between them adjusted, and had to give several dollars to get a settlement, more than he really owed him, thinking that the ten he was to get through the defendant would compensate him, and he would not be a loser, and he did not care for the ten, so long as he was kept whole. The plaintiff informed Rice of the conversation with the defendant, in pursuance of which Rice gave an order to Hitchcock to collect that money from plaintiff and pay it over to defendant, and plaintiff paid it to Hitchcock for Rice upon the order, and Hitchcock paid it to defendant, whereupon plaintiff demanded his bonus of $10, and the defendant refused to pay it.

J. M. Rice was sworn and examined as a witness for the defendant, and stated that he was acquainted with the parties to this suit; that he had had an account against the plaintiff which was collected for him by Hitchcock, amounting to $50, and witness thought $14 additional, amounting in all to $64. Being asked how much was his account against the plaintiff, he answered: "When we first went to settle it was $90, but he had paid me $40 and afterwards paid to Hitchcock $50." I further quote from his testimony:

Q. Did you have to pay Hitchcock for this collection?
A. I did.

Q. Were you owing defendant at that time?

A. Yes.

Q. Did plaintiff collect or assist in collecting any money from you for defendant?

A. Not that I know of.

Q. Did he say anything about collecting it for defendant?

A. No, he said he would pay me then.

Q. So you received it in the attorney's hands?

A. Yes.

Q. And it was paid after you left it in the attorney's hands?

A. Yes.

Q. State whether or not you had the plaintiff's horse in your possession and refused to give it up until the account was settled with you.

A. I did.

There thus appears to have occurred a conflict of the testimony involving the entire transaction of the second cause of action. Without expressing an opinion as to which party has the preponderance and weight of evidence, it is deemed sufficient to say that there was such evidence before the jury as to warrant them in returning their verdict against the plaintiff in respect to the second as well as the first cause of action alleged.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.